1  Purvi G. Patel (CA SBN 270702)
   PPatel@mofo.com
2  Matthew J. Wyatt (CA SBN 343074)
   MWyatt@mofo.com
3  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
4  Los Angeles, California  90017-3543
   Telephone:    213.892.5200
5  Facsimile:    213.892.5454

6  Adam J. Hunt (*pro hac vice forthcoming*)
   AdamHunt@mofo.com
7  MORRISON & FOERSTER LLP
   250 West 55th Street
8  New York, New York  10019-9601
   Telephone:    212.468.8000
9  Facsimile:    212.468.7900

10 Attorneys for Defendants
   S. C. JOHNSON & SON, INC. and
11 OARS + ALPS LLC

12

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15                         SACRAMENTO DIVISION

16

17 Annemarie Lott, individually, and on behalf of      Case No. 2:22-cv-00956-CKD
   those similarly situated,
18                                                      **S. C. JOHNSON & SON, INC.'S AND
                   Plaintiff,                           OARS + ALPS LLC'S ANSWER TO
19                                                      PLAINTIFF'S CLASS ACTION
          v.                                            COMPLAINT**
20
   S.C. Johnson & Son, Inc. and Oars + Alps,           **Demand for Jury Trial**
21 LLC,
                                                        Courtroom:        24
22                 Defendants.                          Judge:            Hon. Carolyn K. Delaney

23

24

25

26

27

28

SC JOHNSON'S AND OARS + ALPS'S ANSWER TO CLASS ACTION COMPLAINT
Case No. 2:22-cv-00956-CKD                                                              1

SF:4937989

Defendants S. C. Johnson & Son, Inc. and Oars + Alps LLC answer the allegations of Plaintiff Annemarie Lott's Class Action Complaint as follows:

Any allegation not specifically admitted is denied.  To the extent the Complaint asserts conclusions of law those conclusions require no response.  To the extent a response is required to headings or unnumbered paragraphs in the Complaint, Defendants deny the factual allegations contained in them.

## NATURE OF THE ACTION[1]

To the extent Plaintiff purports to summarize, interpret, or quote from a website, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.

1.     Defendants admit that Oars + Alps markets and sells Natural Face Moisturizer + Eye Cream, Natural Wake Up Eye Stick with Caffeine, Charcoal Solid Face Wash, Wake Up Face Serum, Body + Face Wash, Natural Deodorant Deep Sea Glacier, Natural Deodorant Mandarin Woods, Natural Deodorant Fresh Ocean Splash, Natural Deodorant California Coast, and Natural Deodorant Eucalyptus Spearmint (the "Oars + Alps Products").  Defendants deny that Oars + Alps markets or sells a product called Natural Wake Up Face Serum, Natural Charcoal Solid Face Wash, or Natural Body + Face Wash.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, deny them.

2.     Defendants admit that Oars + Alps markets and sells the Oars + Alps Products in California and throughout the United States.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.  Defendants deny the remaining allegations in Paragraph 2.

3.     Defendants admit that Laura Lisowski Cox and Mia Duchnowski founded Oars + Alps in 2015.  To the extent Plaintiff purports to summarize, interpret, or quote from a website

---

[1] For convenience and clarity, SC Johnson and Oars + Alps have repeated the section headings of the Complaint here but do not admit that those headings are an accurate or fair representation of the conduct alleged in the Complaint.

1   with respect to the allegations in Paragraph 3, that source speaks for itself and Defendants deny

2   any characterization of that source that is inconsistent with its content.

3       4.    Defendants lack knowledge or information sufficient to form a belief as to the

4   truth of the allegations in Paragraph 4 regarding consumer beliefs and on that basis, deny them.

5   Defendants deny the remaining allegations in Paragraph 4.

6       5.    To the extent Plaintiff purports to summarize, interpret, or quote from a website

7   with respect to the allegations in Paragraph 5, that source speaks for itself and Defendants deny

8   any characterization of that source that is inconsistent with its content.  Defendants deny the

9   remaining allegations in Paragraph 5.

10       6.    Defendants admit that Oars + Alps is a company that sells health, beauty, and

11   cosmetic products.  Except as otherwise admitted, Defendants deny the allegations in Paragraph

12   6.

13       7.    To the extent Plaintiff purports to summarize, interpret, or quote a court decision,

14   that court decision speaks for itself and Defendants deny any characterization of that court

15   decision that is inconsistent with its content.  Defendants deny the remaining allegations in

16   Paragraph 7.

17       8.    Defendants admit that Oars + Alps sought to grow the Oars + Alps brand.

18   Defendants deny the remaining allegations in Paragraph 8.

19       9.    To the extent Plaintiff purports to summarize, interpret, or quote from a website

20   with respect to the allegations in Paragraph 9, that source speaks for itself and Defendants deny

21   any characterization of that source that is inconsistent with its content.

22       10.    Defendants deny the allegations in Paragraph 10.  Defendants deny that SC

23   Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.

24       11.    Defendants admit that during certain periods of time, the word "NATURAL"

25   appeared on the product labels of the Oars + Alps Products.  The photograph in Paragraph 11

26   speaks for itself.  Defendants deny the remaining allegations in Paragraph 11.

27       12.    Defendants deny the allegations in Paragraph 12.

28       13.    Defendants deny the allegations in Paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 regarding consumer beliefs and on that basis, deny them.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants admit that during certain time periods certain of the Oars + Alps Products contained phenoxyethanol, dimethicone, caprylyl glycol, potassium sorbate, sodium benzoate, propanediol, ethylhexylglycerin, or citric acid.  Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 regarding consumer beliefs, behavior, and reliance and on that basis, deny them.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 regarding consumer belief, behavior, and reliance and on that basis, deny them.

20.     Defendants state that insofar as the allegations in Paragraph 20 state conclusions of law, no response is required.  Defendants admit that Plaintiff purports to bring a class action and seeks to represent a proposed class.  Defendants admit that Plaintiff seeks damages, interest, attorneys' fees and costs, restitution, injunctive relief, and disgorgement.  Defendants deny that class treatment is appropriate or warranted or that Plaintiff is entitled to any relief.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.  Defendants deny the remaining allegations in Paragraph 20.

21.     Defendants state that insofar as the allegations in Paragraph 21 state conclusions of law, no response is required.  Defendants admit that Plaintiff purports to bring a class action and seeks to represent a proposed class.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products. Except as otherwise stated, Defendants deny the allegations in Paragraph 21.

///

1

**JURISDICTION AND VENUE**

2      22.    Defendants state that insofar as the allegations in Paragraph 22 state conclusions of

3  law, no response is required.  Defendants admit that Oars + Alps sells the Oars + Alps Products in

4  the State of California.  Defendants deny that SC Johnson markets or sells any Oars + Alps

5  products, including the Oars + Alps Products.  Defendants lack knowledge or information

6  sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding consumer

7  purchases and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph

8  22.

9      23.    Defendants state that insofar as the allegations in Paragraph 23 state conclusions of

10  law, no response is required.  To the extent Plaintiff purports to summarize, interpret, or quote a

11  statute, that statute speaks for itself and Defendants deny any characterization of that statute that

12  is inconsistent with its content.  To the extent a response is required, Defendants deny that class

13  treatment is appropriate or warranted or that Plaintiff or the putative class members are entitled to

14  any relief on any of the claims asserted in the Complaint.

15      24.    Defendants state that insofar as the allegations in Paragraph 24 state conclusions of

16  law, no response is required.  Defendants lack knowledge or information sufficient to form a

17  belief as to the truth of the allegations in Paragraph 24 regarding Plaintiff's purchases, and on that

18  basis, deny them.  Defendants deny the remaining allegations in Paragraph 24.

19

**PARTIES**

20      25.    Defendants lack knowledge or information sufficient to form a belief as to the

21  truth of the allegations in Paragraph 25 and on that basis, deny them.

22      26.    Defendants admit that SC Johnson is a Wisconsin corporation with its principal

23  place of business in Racine, Wisconsin.  Defendants deny that SC Johnson is a Delaware

24  corporation.

25      27.    Defendants admit that Oars + Alps is a Delaware limited liability company with its

26  principal place of business in Chicago, Illinois.

27      28.    Defendants admit that Oars + Alps markets and sells the Oars + Alps Products

28  through retail locations in California and throughout the United States.  Defendants deny that SC

1    Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.

2    Defendants deny the remaining allegations in Paragraph 28.

3         29.     Defendants state that insofar as the allegations in Paragraph 29 state conclusions of

4    law, no response is required.  To the extent Plaintiff purports to summarize, interpret, or quote a

5    court decision, that court decision speaks for itself and Defendants deny any characterization of

6    that court decision that is inconsistent with its content.  Defendants admit that Plaintiff purports to

7    reserve the right to amend.  Defendants deny the remaining allegations in Paragraph 29.

8         30.     Defendants state that insofar as the allegations in Paragraph 30 state conclusions of

9    law, no response is required.  Defendants admit that Plaintiff purports to reserve the right to

10   amend.  Defendants deny the remaining allegations in Paragraph 30.

11        31.     Defendants state that insofar as the allegations in Paragraph 31 state conclusions of

12   law, no response is required.  To the extent a response is required, Defendants deny the

13   allegations in Paragraph 31.

14                                        **FACTS**

15        **A.     Consumers Value Representations that a Product is Natural**

16        32.     Defendants lack knowledge or information sufficient to form a belief as to the

17   truth of the allegations in Paragraph 32 and on that basis, deny them.

18        33.     Defendants lack knowledge or information sufficient to form a belief as to the

19   truth of the allegations in Paragraph 33 regarding consumers' desires and on that basis, deny

20   them.

21        34.     Defendants lack knowledge or information sufficient to form a belief as to the

22   truth of the allegations in Paragraph 34 and on that basis, deny them.

23        35.     To the extent Plaintiff purports to summarize, interpret, or quote from a website

24   with respect to the allegations in Paragraph 35, that source speaks for itself and Defendants deny

25   any characterization of that source that is inconsistent with its content.  Defendants lack

26   knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

27   35 regarding consumer values and beliefs and on that basis, deny them.

28   ///

SC JOHNSON'S AND OARS + ALPS'S ANSWER TO CLASS ACTION COMPLAINT
Case No. 2:22-cv-00956-CKD                                                    - 6 -

36.     To the extent Plaintiff purports to summarize, interpret, or quote from an article with respect to the allegations in Paragraph 36, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 regarding consumer values and beliefs and on that basis, deny them.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 regarding Plaintiff's or consumer values and beliefs and on that basis, deny them.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 regarding consumer beliefs and behavior and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 38.

**B.      Plaintiff and Other Reasonable Consumers Understand Natural to Mean that a Product Lacks Artificial Ingredients**

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis, deny them.

40.     Defendants state that insofar as the allegations in Paragraph 40 state conclusions of law, no response is required.  Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants state that insofar as the allegations in Paragraph 41 state conclusions of law, no response is required.  Defendants deny the remaining allegations in Paragraph 41.

42.     To the extent Plaintiff purports to summarize, interpret, or quote a statement by a federal agency with respect to the allegations in Paragraph 42, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.

43.     To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 43, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.

44.     To the extent Plaintiff purports to summarize, interpret, or quote a statute or regulation, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.

45.     To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 45, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.

46.     To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 46, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.

47.     To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 47, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 regarding consumer beliefs and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 47.

48.     Defendants state that insofar as the allegations in Paragraph 48 state conclusions of law, no response is required.  To the extent Plaintiff purports to summarize, interpret, or quote from an article with respect to the allegations in Paragraph 48, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 regarding consumer beliefs and on that basis, deny them.

C.      **The Reasonable Consumers' Interpretation of "Natural" Aligns with Defendants' Interpretation of "Natural"**

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants admit that Paragraph 51 contains images of posts on Oars + Alps's Facebook page.  Defendants admit that the statements "All-Natural," "natural," and "Made with natural ingredients" appeared in these Facebook posts.  To the extent any of the allegations in Paragraph 51 purport to summarize, interpret, or quote the Facebook posts, those sources speak for themselves and Defendants deny any characterization of those sources that is inconsistent with their content.

52.     To the extent Plaintiff purports to summarize, interpret, or quote from websites with respect to the allegations in Paragraph 52, those sources speak for themselves and Defendants deny any characterization of those sources that is inconsistent with their content.

53.     To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 53, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants admit that Oars + Alps publishes videos on its YouTube channel.  Defendants deny the remaining allegations in Paragraph 53.

54.     To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 54, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 regarding consumer beliefs and understanding and on that basis, deny them.

55.     Defendants admit that the URL for the Oars + Alps online store during certain time periods contained the term "natural."  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.  Defendants deny the remaining allegations in Paragraph 55.

**D.     Defendants Represent that the Products are Natural**

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 regarding consumer preferences and on that basis, deny them.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.  Defendants deny the remaining allegations in Paragraph 56.

57.     Defendants admit that during certain periods of time, the word "NATURAL" appeared on the front labels of the Oars + Alps Products.

58.     The image in Paragraph 58 speaks for itself and Defendants deny any characterization of that image that is inconsistent with its content.  Defendants deny the remaining allegations in Paragraph 58.

///

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 regarding Plaintiff and on that basis, deny them.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.

62.     Defendants admit that subparagraphs a. through f. of Paragraph 62 contain images that during certain periods of time appeared on the Oars + Alps website.  The images in Paragraph 62 speak for themselves and Defendants deny any characterization of those images that is inconsistent with their content.  Defendants deny the remaining allegations in Paragraph 62.

63.     The images in Paragraph 63 speak for themselves and Defendants deny any characterization of those images that is inconsistent with their content.

64.     Defendants admit that during certain periods of time, the word "NATURAL" appeared on certain marketing material and the front labels of the Oars + Alps Products. Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.  Defendants deny the remaining allegations in Paragraph 64.

**E.     Defendants' Representations Are False, Misleading, and Deceptive**

65.     Defendants admit that during certain periods of time, the word "NATURAL" appeared on the front labels of the Oars + Alps Products.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.  Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants admit that during certain time periods certain of the Oars + Alps Products contained phenoxyethanol, dimethicone, caprylyl glycol, potassium sorbate, sodium benzoate, propanediol, ethylhexylglycerin, and citric acid.  To the extent Plaintiff purports to summarize, interpret, or quote from a website, article, statute, or regulation with respect to the allegations in Paragraph 66, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products. Defendants deny the remaining allegations in Paragraph 66.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 regarding consumer behavior or knowledge and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 67.

68.     Defendants admit that during certain time periods, certain of the Oars + Alps Products listed phenoxyethanol, dimethicone, caprylyl glycol, potassium sorbate, sodium benzoate, propanediol, ethylhexylglycerin, and citric acid as ingredients.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 regarding consumer behavior or understanding and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 68.

69.     Defendants state that insofar as the allegations in Paragraph 69 state conclusions of law, no response is required.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.  To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70.     Oars + Alps denies that the ingredients listed in Paragraph 66 are synthetic and therefore admits that Oars + Alps did not make the disclosure alleged in Paragraph 70 on the Oars + Alps Products.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 regarding consumer beliefs and understanding and on that basis, deny them.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.  Defendants deny the remaining allegations in Paragraph 70.

71.     Defendants admit that consumers may rely on labels in making purchasing decisions but lack knowledge or information regarding any particular customer's purchasing decisions.

72.     Defendants state that insofar as the allegations in Paragraph 72 state conclusions of law, no response is required.  To the extent a response is required, Defendants admit that during certain periods of time, the word "NATURAL" appeared on the front labels of the Oars + Alps Products.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products.  Defendants deny the remaining allegations in Paragraph 72.

///

73.     To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 73, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants deny that SC Johnson markets or sells any Oars + Alps products, including the Oars + Alps Products. Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 regarding Plaintiff or purported class members and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 76.

**F.      Defendants' Deceptive Conduct Caused Plaintiff's and Class Members' Injuries**

77.     Defendants deny the allegations in Paragraph 77.

78.     To the extent Plaintiff purports to summarize, interpret, or quote from a website with respect to the allegations in Paragraph 78, that source speaks for itself and Defendants deny any characterization of that source that is inconsistent with its content.  Defendants deny the remaining allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 regarding Plaintiff or purported class members and on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

///

///

1

**CLASS DEFINITIONS AND ALLEGATIONS**

2       86.     Defendants admit Plaintiff purports to bring this action on behalf of a California

3   and nationwide class, but deny that such class treatment is appropriate or warranted. Defendants

4   deny the remaining allegations in Paragraph 86.

5       87.     Defendants admit Plaintiff purports to bring this action on behalf of a national and

6   California class, but deny that such class treatment is appropriate or warranted. Defendants deny

7   the remaining allegations in Paragraph 87.

8       88.     Defendants state that insofar as the allegations in Paragraph 88 state conclusions of

9   law, no response is required. Defendants deny a class should be maintained. Defendants deny

10  the remaining allegations in Paragraph 88.

11      89.     Defendants state that insofar as the allegations in Paragraph 89 state conclusions of

12  law, no response is required. Defendants deny that common questions of law and fact

13  predominate. Defendants deny the remaining allegations in Paragraph 89.

14      90.     Defendants state that insofar as the allegations in Paragraph 90 state conclusions of

15  law, no response is required. Defendants deny that Plaintiff's alleged claims are typical.

16  Defendants deny the remaining allegations in Paragraph 90.

17      91.     Defendants state that insofar as the allegations in Paragraph 91 state conclusions of

18  law, no response is required. To the extent a response is required, Defendants lack knowledge or

19  information sufficient to form a belief as to the truth of the allegations in Paragraph 91 regarding

20  Plaintiff and on that basis, deny them.

21      92.     Defendants state that insofar as the allegations in Paragraph 92 state conclusions of

22  law, no response is required. Defendants deny that class treatment is superior. Defendants deny

23  the remaining allegations in Paragraph 92.

24      93.     Defendants state that insofar as the allegations in Paragraph 93 state conclusions of

25  law, no response is required. Defendants deny that Plaintiff or any member of the putative class

26  is entitled to any relief. Defendants deny the remaining allegations in Paragraph 93.

27      94.     Defendants state that insofar as the allegations in Paragraph 94 state conclusions of

28  law, no response is required. Defendants deny the remaining allegations in Paragraph 94.

**COUNT I**
**Violation of California's Unfair Competition Law ("UCL"),**
**CAL. BUS. & PROF. CODE §§ 17200, et seq.**

95.     In response to Paragraph 95, Defendants incorporate their responses to each preceding paragraph of this Answer.

96.     Defendants admit Plaintiff purports to bring this action individually and on behalf of the proposed California Class, but deny that such class treatment is appropriate or warranted. Defendants deny a class should be maintained.

97.     Defendants state that insofar as the allegations in Paragraph 97 state conclusions of law, no response is required.  To the extent Plaintiff purports to summarize, interpret, or quote a statute, that statute speaks for itself and Defendants deny any characterization of that statute that is inconsistent with its content.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.     Defendants deny the allegations in Paragraph 100.

101.     Defendants deny the allegations in Paragraph 101.

102.     Defendants admit that Plaintiff seeks certain injunctive relief, but deny that any relief is appropriate or warranted.

103.     Defendants admit that Plaintiff seeks restitution on behalf of herself and the proposed California Class, but deny that any relief or class treatment is appropriate or warranted. Defendants deny the remaining allegations in Paragraph 103.

104.     Defendants state that insofar as the allegations in Paragraph 104 state conclusions of law, no response is required.  Defendants deny the remaining allegations in Paragraph 104.

**COUNT II**
**Violation of The False Advertising Law ("FAL"),**
**CAL. BUS. & PROF. CODE §§ 17500, et seq.**

105.     In response to Paragraph 105, Defendants incorporate their responses to each preceding paragraph of this Answer.

///

///

106.    Defendants admit Plaintiff purports to bring this action individually and on behalf of the proposed California Class, but deny that such class treatment is appropriate or warranted. Defendants deny a class should be maintained.

107.    To the extent Plaintiff purports to summarize, interpret, or quote a statute, that statute speaks for itself and Defendants deny any characterization of that statute that is inconsistent with its content.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants admit that Plaintiff seeks certain injunctive relief but deny that any relief or class treatment is appropriate or warranted.  Defendants deny the remaining allegations in Paragraph 114.

115.    Defendants state that insofar as the allegations in Paragraph 115 state conclusions of law, no response is required.  Defendants deny that any relief is appropriate or warranted.

**COUNT III**
**Violation of The Consumer Legal Remedies Act ("CLRA"),**
**CAL. CIV. CODE §§ 1750, et seq.**

116.    In response to Paragraph 116, Defendants incorporate their responses to each preceding paragraph of this Answer.

117.    Defendants admit Plaintiff purports to bring this action individually and on behalf of the proposed California Class, but deny that such class treatment is appropriate or warranted. Defendants deny a class should be maintained.

118.    Defendants admit that Plaintiff purports to bring this cause of action under California's Consumers Legal Remedies Act.

119.    Defendants state that insofar as the allegations in Paragraph 119 state conclusions of law, no response is required.  Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 119 regarding purchases by Plaintiff or purported class members and on that basis, deny them.

120.    Defendants state that insofar as the allegations in Paragraph 120 state conclusions of law, no response is required.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny that they received the May 26, 2022 letter referenced in Paragraph 124, and therefore admit that they had not responded to the purported letter. Defendants deny the remaining allegations in Paragraph 124.

125.    Defendants state that insofar as the allegations in Paragraph 125 state conclusions of law, no response is required.  Defendants admit that Plaintiff seeks certain injunctive relief and attorneys' fees and costs but deny that any relief is appropriate, warranted, or reasonable.

**COUNT IV**
**Unjust Enrichment**

126.    In response to Paragraph 126, Defendants incorporate their responses to each preceding paragraph of this Answer.

127.    Defendants admit Plaintiff purports to bring this action individually and on behalf of a proposed national and California class, but deny that such class treatment is appropriate or warranted.  Defendants deny a class should be maintained.

128.    Defendants deny the allegations in paragraph 128.

129.    Defendants deny the allegations in paragraph 129.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants state that insofar as the allegations in Paragraph 131 state conclusions of law, no response is required.  Defendants deny the remaining allegations in Paragraph 131.

**RELIEF DEMANDED**

132.    Defendants state that insofar as the allegations in Paragraph 132 state conclusions of law, no response is required.  To the extent a response is required, Defendants deny the

1   allegations in Paragraph 132.  Defendants deny that Plaintiff is entitled to any relief, including the

2   relief requested in Paragraph 132.

3                                          **AFFIRMATIVE DEFENSES**

4           By asserting the affirmative defenses below, Defendants do not admit or allege that they

5   bear the burden of proof on any matter related to any defense. The following defenses are based

6   on Defendants' knowledge, information, and belief at this time, and Defendants reserve the right

7   to modify, amend, or supplement any affirmative defense and to assert other defenses as

8   information is gathered through discovery and investigation.

9                                       **FIRST AFFIRMATIVE DEFENSE**

10                                          **(Statute of Limitations)**

11          Some or all of the claims of Plaintiff and putative class members are time-barred to the

12  extent their claims arose prior to the applicable statute of limitations periods from the filing of the

13  Complaint.

14                                     **SECOND AFFIRMATIVE DEFENSE**

15                                     **(Lack of Subject Matter Jurisdiction)**

16          Plaintiff and members of the putative class lack standing because they have not suffered

17  any cognizable injury-in-fact, including because Plaintiff and putative class members received a

18  non-defective product consistent with the information accurately listed on the product label.

19  Therefore, the Court lacks subject matter jurisdiction over the claims.

20                                      **THIRD AFFIRMATIVE DEFENSE**

21           **(Lack of Personal Jurisdiction as to Out-of-State Putative Class Members)**

22          The Court lacks personal jurisdiction over Defendants as to the claims of the out-of-state

23  putative class members.  *See Bristol-Myers Squibb Co. v. Superior Court of California, San*

24  *Francisco County*, 137 S. Ct. 1773 (2017).  A finding of personal jurisdiction over the claims of

25  the out-of-state putative class members would violate the Rules Enabling Act.

26                                     **FOURTH AFFIRMATIVE DEFENSE**

27                                          **(No Injury or Damage)**

28          Neither Plaintiff nor any member of the putative class has suffered any injury or damage

1  whatsoever because the labeling for the Oars + Alps Products depicted clear and accurate

2  information regarding the character and qualities of the products.  Plaintiff and putative class

3  members, upon purchase, received a non-defective product that satisfied these representations.

4  Defendants are not liable to Plaintiff or any member of the putative class for any injury or damage

5  whatsoever.

6  **FIFTH AFFIRMATIVE DEFENSE**

7  **(Offset)**

8      Any claims for damages or other monetary recovery by Plaintiff or the putative class must

9  be offset and reduced by the value received.  Here, Plaintiff and putative class members paid a

10  justified, lawful price for an accurately labeled product and received such a product in exchange,

11  obtaining the value of their purchase in exchange.

12  **SIXTH AFFIRMATIVE DEFENSE**

13  **(Unjust Enrichment)**

14      Plaintiff and putative class members are barred from recovery to the extent they would be

15  unjustly enriched by any recovery.  They would be unjustly enriched because they received the

16  benefit of the bargain when they allegedly purchased the Oars + Alps Products.  Specifically,

17  Plaintiff and putative class members paid a justified, lawful price for an accurately labeled

18  product and received such a product in exchange.

19  **SEVENTH AFFIRMATIVE DEFENSE**

20  **(Adequate Remedy)**

21      Plaintiff and the putative class cannot seek equitable relief because they have an adequate

22  remedy at law for the claimed damages (if any).

23  **EIGHTH AFFIRMATIVE DEFENSE**

24  **(No Causation)**

25      To the extent Plaintiff and the putative class have suffered any damages alleged in the

26  Complaint, such damages were not caused by Defendants.

27  ///

28  ///

SC JOHNSON'S AND OARS + ALPS'S ANSWER TO CLASS ACTION COMPLAINT
Case No. 2:22-cv-00956-CKD                                                    - 18 -
SF:4937989

1

**NINTH AFFIRMATIVE DEFENSE**

2

**(No Irreparable Harm)**

3

Plaintiff cannot obtain injunctive relief because, among other reasons, there is no ongoing

4

wrongful conduct to enjoin and Plaintiff cannot show the possibility of irreparable harm as a

5

result of any acts or omissions by Defendants.

6

**TENTH AFFIRMATIVE DEFENSE**

7

**(Acts or Omissions)**

8

Plaintiff and the putative class members' claims are barred because the alleged injuries or

9

damages, if any, were not the result of any act or omission by Defendants, but were the result and

10

were due to the acts or omissions of others over whom Defendants did not have control.

11

**ELEVENTH AFFIRMATIVE DEFENSE**

12

**(Conduct Reasonable, Justified)**

13

At all times, Defendants have acted reasonably and in good faith.  Their business conduct

14

is justified, and their business practices do not offend public policy, are not unethical, and do not

15

cause injury to consumers.  Oars and Alps' labeling of the Oars + Alps Products was justified

16

because it was undertaken pursuant to and in compliance with applicable laws and regulations

17

and the marketing, labeling, and advertising conduct alleged in the Complaint constitute conduct

18

otherwise permitted by law.

19

**TWELFTH AFFIRMATIVE DEFENSE**

20

**(Inadequate Notice)**

21

Plaintiff and the putative class cannot seek damages pursuant to the Consumers Legal

22

Remedies Acts because they did not notify Defendants of the alleged violations at least 30 days

23

before filing the Complaint.  *See* Cal. Civ. Code § 1782(a).

24

///

25

///

26

///

27

///

28

///

1

## DEMAND FOR JURY TRIAL

2        Defendants hereby demand a trial by jury on all issues upon which trial by jury may be

3   had.

4

5

6   Dated: October 12, 2022                    MORRISON & FOERSTER LLP

7

8                                              By:  */s/ Purvi G. Patel*
                                                   Purvi G. Patel

9                                              **Attorneys for Defendants**
                                               **S. C. Johnson & Son, Inc. and**
10                                             **Oars + Alps LLC**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28